# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: E. S., A CHILD.

THE STATE OF NEVADA,
Appellant,
vs.
E. S., A CHILD,
Respondent.

No. 82614

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a pretrial motion to suppress evidence. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

E.S., a minor, was charged with sexual assault against his ex-girlfriend, also a minor. Nye County Sheriff's Office detectives interviewed E.S. at the high school he attended but did not notify the principal or E.S.'s parents prior to doing so. They advised E.S. of his Miranda rights and that he had the right to have a parent present, and E.S. chose to speak to detectives without counsel or his parents present. E.S. moved to suppress the statements made to detectives, and the district court granted the motion, with the sole basis being that detectives failed to follow the policy of the Nye County Sheriff's Office, which required that detectives notify the school principal of the interview. The State appeals.[1]

On an appeal from an order granting a motion to suppress, this court reviews findings of fact for clear error, but if the legal consequences of those facts involve questions of law they are reviewed de novo. *State v. Lloyd*, 129 Nev. 739, 743, 312 P.3d 467, 469 (2013). When reviewing for clear error, this court "ask[s] whether, 'on the entire evidence,' [it] is 'left

---

[1]We recount facts only as necessary for our disposition.

22-25227

with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[I]nvoluntary statements should be suppressed as well as incriminating statements made by a suspect under custodial interrogation unless *Miranda* warnings have been given or other procedural safeguards have been followed." *Somee v. State*, 124 Nev. 434, 444, 187 P.3d 152, 159 (2008).

The record supports the district court's finding that the sheriff's office detectives failed to follow the governing internal policies and procedures. As for the legal question of whether a violation of a sheriff's office's policy can serve as the sole basis for granting a motion to suppress, we conclude that the district court erred.

The ultimate purpose of the Nye County Sheriff's Office policy cited in this case is to enable the principal to inform the student's parents. This preserves the parents' statutory right to be informed. *See* NRS 62C.010(2) (stating that when a child is taken into custody "[t]he officer shall, without undue delay, attempt to notify, if known, the parent or guardian of the child."). In *Ford v. State*, 122 Nev. 796, 802, 138 P.3d 500, 504 (2006), we concluded the following:

> NRS 62C.010 does not impose a duty on law enforcement to notify a juvenile's parents as a condition to obtaining a voluntary statement from the juvenile, regardless of the nature of the crime being investigated. Rather, that statute serves only to notify parents that their child is in the custody of the police, and it offers no remedy when police fail to do so.

We further noted that whether parents have been notified does not impact whether the police may interview juvenile suspects, but only has "limited bearing on whether a juvenile's statement is voluntary." *Id.* at 803, 138 P.3d at 505. Therefore, because the ultimate goal of this Nye County

SUPREME COURT
OF
NEVADA

(O) 1947A

Sheriff's Office policy is parental notification, and parental notification is simply a factor to consider when determining the voluntariness of the statements made, not a definitive basis upon which to determine whether the minor's statements should be suppressed, E.S.'s statements could not be suppressed for this reason alone.[2] Therefore, we reverse the district court's order and remand this case for further proceedings so the district court may conduct the full factual and legal inquiry that it did not reach when it instead decided this case only on the policy violation issue.[3] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[2]The Sixth Circuit Court of Appeals has addressed this issue and concluded that "[a] violation by the government of its internal operating procedures, on its own, does not create a basis for suppressing [statements]." *United States v. Luck*, 852 F.3d 615, 623 (6th Cir. 2017) (second alteration in original) (internal quotation marks omitted).

[3]To the extent the parties' additional arguments are not addressed herein, we have reviewed those arguments and we conclude they do not warrant a different result.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Robert W. Lane, District Judge
Attorney General/Carson City
Nye County District Attorney
Morton Law, PLLC
Nye County Clerk